# WASHINGTON STEEL & ORDNANCE COMPANY *v.* MARTIN.

PARTIES; CLOUD ON TITLE; UNITED STATES, ACTIONS AGAINST; OFFICERS; INJUNCTION.

The supreme court of the District of Columbia has no jurisdiction of a suit in equity by a landowner against the Secretary of War and other government officials and a lessee of the United States of part of the land along Anacostia river reclaimed under an act of Con‐ gress, to remove the alleged cloud on the title to such land, which the complainant claims to own, created by such lease, and for a mandatory injunction to require the removal of a fence separating such reclaimed land from other land of the complainant, as the suit necessarily involves the title to the land, and the United States, which is a claimant of it, is the real party against whom relief is asked.

No. 2954.   Submitted December 6, 1916.   Decided January 2, 1917.

HEARING on an appeal by the plaintiff from a decree of the Supreme Court of the District of Columbia dismissing a bill in equity for an injunction and to remove an alleged cloud on title.                                   *Affirmed.*

The COURT in the opinion stated the facts as follows:

The Washington Steel & Ordnance Company, plaintiff, is alleged to be the owner of three hundred and fifty-six (356) acres of land, a part of which abuts the eastern shore of the Anacostia river in the District of Columbia, and the meander line of said river is described as high-water mark.   The defend‐ ants Garrison, Breckenridge, and Kingman, under the authority of Congress, established a dock or harbor line some distance from the shore of the Anacostia river, paralleling the property of plaintiff for 1,570 feet, and built a retaining wall along said line, and then proceeded to dredge the channel of said river

and fill up the space between said wall and the high-water shore mark, which said amount of land that has been reclaimed amounts to fifteen and a quarter acres.

On January 1, 1914, plaintiff leased to one John Dean for a term of one year, with privilege of renewal a portion of the eastern part of its said tract, and included therein the said fifteen and a quarter acres of reclaimed land. About October, 1914, the defendant Kingman caused a fence to be erected of wood and wire along the meander line of said river, separating plaintiff's line from the said reclaimed tract, and has warned persons against injuring the same under the penalty of the law. The land was not entirely inclosed, and gaps were left in said fence permitting plaintiff's tenant to pass to and from the land leased by him, but greatly obstructing the use and occupation. Within a few days past said Kingman advertised for public bids for the lease of said fifteen and a quarter acres of land by the United States, and defendant John L. Martin bid therefor the sum of four hundred and fifty-five dollars ($455), which said bid was accepted by defendant Breckenridge as Assistant Secretary of War, who has executed to said Martin a lease for the said land on behalf of the United States. That by leasing said land a cloud is created upon the title to the great injury and damage of plaintiff, for which he has no adequate redress at law.

He prays: (1) That the title of the plaintiff to the newly made or reclaimed land of fifteen and a quarter acres, immediately adjoining plaintiff's land, abutting the eastern shore of the Anacostia river, be quieted and the clouds which have been cast thereon by the defendants removed; (2) that the defendants be enjoined from entering said property or exercising any right or claim thereto; that the lease be declared to be void and of no effect and be delivered up for cancelation, and a mandatory injunction issue compelling the defendant Dan C. Kingman, Chief of Engineers, United States Army, to remove or cause to be removed the fence heretofore erected on plaintiff's property; and that the defendants Lindley M. Garrison, Secretary of War, Henry L. Breckenridge, Assistant Secretary of

War, and Dan C. Kingman, Chief of Engineers, United States Army, and their agents and employees, be further enjoined from interfering with the plaintiff and plaintiff's tenant in the free use, occupation, disposition, and enjoyment of the property described.

Defendants Garrison, Breckenridge, and Kingman, appearing specially for the sole purpose of objecting to the jurisdiction of the court, moved the court to quash the subpœna issued to them in said cause, for the reason that it appears upon the face of the record that the defendant is sought to be sued and served with process in his official capacity and in the exercise of his official functions as an officer and representative of the United States in respect of the title and estate of the United States in land owned and possessed by them.

Defendant Martin moved to dismiss the bill for want of jurisdiction, on the ground that it shows upon its face that the United States is the real party against whom, in fact, relief is asked, in respect of the title and estate of the United States in the land and premises described in the bill, and against whom any decree could effectively operate. The United States not having been made a party and being incapable of being made a party, the court is without jurisdiction. Second, because the bill shows upon its face that the defendants Garrison, Breckenridge, and Kingman have no individual interest in the controversy, but are sought to be sued in their respective official capacities and in the exercise of their respective functions as officers and representatives of the United States, in respect to the title and estate of the United States in the land described in the bill. Third, because the bill is in substance and law a suit against the United States of America in respect of the legal title and estate of the United States in and to the premises described in said bill. Other grounds were alleged.

On hearing, the court sustained the objection to the jurisdiction and dismissed the bill, from which order this appeal has been taken.

*Mr. John C. Gittings* and *Mr. Justin Morrill Chamberlain* for the appellant.

*Mr. Henry H. Glassie* for the appellees.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

The defendants named as officers of the United States have vacated their said offices, and no parties have been substituted therefor. We think the court did not err in dismissing the bill for want of jurisdiction.

Interesting questions relating to the title of shore lands and accretions thereto have been discussed, but we are not permitted to determine them, because, in our opinion, the United States are proper parties defendant in this action.

The officers of the United States were proceeding in the matter of adjusting the harbor line and filling up the space between the harbor wall and the shore as officers of the United States and in obedience to an act of Congress. They have no interest in the matter other than as said officers. The claim of the title to the reclaimed lands is in the United States alone. They alone have any pecuniary interest in the land, and no matter who are named as parties defendant on the record they are the necessary parties to the action. *Minnesota* v. *Hitchcock,* 185 U. S. 373, 387, 46 L. ed. 954, 962, 22 Sup. Ct. Rep. 650; *Oregon* v. *Hitchcock,* 202 U. S. 60, 69, 50 L. ed. 935, 938, 26 Sup. Ct. Rep. 568.

This is not an action of ejectment against an officer of the United States who sets up a superior title in the United States, as in *United States* v. *Lee,* 106 U. S. 196, 50 L. ed. 171, 1 Sup. Ct. Rep. 240, and other cases cited. It is founded upon a claim of superior title from which it asks the removal of a cloud, and also a mandatory injunction to remove the fence erected by officers of the United States. The suit necessarily involves the title to the land, which is also claimed on behalf of the United States.

As the United States cannot be made a party to such an action, the decree dismissing the bill is affirmed, with costs.

*Affirmed.*

An application for the allowance of an appeal to the Supreme Court of the United States was denied January 20, 1917.